## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 20-CV-22313-COOKE/GOODMAN

SAMIR MOUSSA and
JAMILE MOUSSA,

      Plaintiffs,

v.

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON,

      Defendant.

_____/

### REPORT AND RECOMMENDATIONS ON PLAINTIFFS'
### <u>REQUEST FOR ATTORNEY'S FEES</u>

Plaintiffs filed a renewed motion to remand and for attorney's fees pursuant to 28

U.S.C. § 1447(c) based on Defendant's alleged improper removal of a state court breach

of insurance contract action to federal court. [ECF No. 14]. United States District Judge

Marcia G. Cooke granted Plaintiffs' motion and ordered Plaintiffs to "file an affidavit and

supporting invoices detailing the attorney's fees and costs they incurred as a result of

removal." [ECF No. 19, p. 6].

Plaintiffs filed the required affidavit and a partially redacted billing invoice.[1] [ECF Nos. 22; 22-1]. Defendant filed a response in opposition. [ECF No. 24]. Plaintiffs did not file an optional reply and the time to do so has expired.

This matter falls within the scope of Judge Cooke's referral order, which includes "all non-dispositive pretrial matters, as well as motions for attorney's fees and costs and motions for sanctions[.]" [ECF No. 5, p. 3]. As explained below, the Undersigned **respectfully recommends** that Judge Cooke **grant in part and deny in part** Plaintiffs' motion for attorney's fees and award Plaintiffs **$6,625.50** in attorney's fees stemming from the improper removal of this action.

## I.     Background

This breach of insurance contract action originated in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. On June 3, 2020, Defendant filed a notice of removal based on diversity jurisdiction, 28 U.S.C. § 1332(a). [ECF No. 1].

Plaintiffs filed their initial motion to remand and for attorney's fees on July 6, 2020. [ECF No. 6]. In that motion, Plaintiffs asserted that Defendant's notice of removal was defective because it failed to establish diversity jurisdiction. Judge Cooke agreed with Plaintiffs, finding that Defendant had failed to establish diversity jurisdiction because it had not pled the citizenship of each of the member names of its syndicates. [ECF No. 12,

---

[1]     At the Undersigned's request, Plaintiffs filed under seal an unredacted version of the billing invoice. [ECF No. 29-1].

p. 4].[2] Nonetheless, Judge Cooke denied without prejudice Plaintiffs' initial motion for remand and provided Defendant with leave to file an amended notice of removal to cure this defect. *Id.* at 5.

Defendant filed its Amended Notice of Removal. [ECF No. 13]. In response, Plaintiffs filed a renewed motion to remand and for attorney's fees. [ECF No. 14].

Judge Cooke granted Plaintiffs' motion and remanded the case to state court. [ECF No. 19]. Judge Cooke found that Defendant did not meet its burden to establish federal subject matter jurisdiction. *Id.* at 5 (noting that while Defendant "ha[d] loosely identified the Syndicates' members' places of incorporation, Defendant ha[d] failed to indicate where the Syndicates' have their principal places of business.")].

Judge Cooke also determined that Plaintiffs were entitled to attorney's fees:

> Here, Defendant Certain Underwriters had two bites at the proverbial apple: the initial Notice of Removal and the Amended Notice of Removal. Moreover, in this Court's December 9, 2020 Order Denying Plaintiffs' Motion to Remand Without Prejudice, the Court directed Defendant to file an amended notice of removal that established the citizenship of each of its syndicate members. But Defendant has, once again, failed to do so. Further, Defendant could have simply agreed to remand this matter after Plaintiffs filed the present Motion (which pointed out the defects in Defendant's Amended Notice of Removal); instead, however, Defendant chose to go forward with its defective Amended Notice of Removal. As such, the Court finds that an award of attorney's fees and costs is appropriate here as there

---

[2]      As explained in Judge Cooke's Order, "Defendant Certain Underwriters must plead the citizenship of each of its members" because, under Eleventh Circuit precedent, "underwriters 'fall squarely within the class of unincorporated associations for which the pleading of every member's citizenship is essential to establishing diversity jurisdiction.'" [ECF No. 12, p. 3 (quoting *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1088 (11th Cir. 2010))].

3

was not an objectively reasonable basis for removal.

*Id.* at 6. Judge Cooke directed Plaintiffs to file an affidavit and invoice supporting their fee request and provided Defendant with an opportunity to respond. *Id.*

Plaintiffs timely filed the required affidavit and billing invoice and Defendant timely filed its response. [ECF Nos. 22; 22-1; 24; 29-1].

## II.    Applicable Legal Standard

"An order remanding a removed case back to state court 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 890 (11th Cir. 2011) (quoting 28 U.S.C. § 1447(c)). Ordinarily, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis," but there is no requirement that "the defendant's position . . . [be] 'frivolous, unreasonable, or without foundation.'" *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138–39, 141 (2005)). "The intent of the statute is to reimburse plaintiffs who have incurred expenses in attacking improper removals." *Butterworth v. Chances Casino Cruises, Inc.*, No. 97-846-CIV-J-20, 1997 WL 1068628, at *5 (M.D. Fla. July 14, 1997) (citation omitted).

The party seeking attorney's fees "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). At the same time, "[w]here

4

documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee, but the district court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing." *Id.* at 1303 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court "itself [is] an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). Additionally, "[a] request for attorney's fees should not result in a second major litigation." *Id.* (quoting *Hensley*, 461 U.S. at 437) (alteration in original).

The Court is tasked with determining a reasonable fee award. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 434. This amount is typically referred to as the "lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008).

The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433-37.

III.   **Analysis**

a.   **Entitlement**

Judge Cooke decided the issue of entitlement to attorney's fees in Plaintiffs' favor. [ECF No. 19, p. 6]. Thus, the issue before the Undersigned is the *amount* of fees to which Plaintiffs are entitled.

b.   **Amount**

Plaintiffs seek $14,835.00[3] in fees based on 40.20 hours of work performed by the following timekeepers: 18.40 hours for partner Benjamin Hassebrock at $500.00 per hour; 20.70 hours for second-year associate Daniel Gross at $260.00 per hour; and a combined total of 1.10 hours of paralegal time at $230.00 per hour.

Defendant believes Plaintiffs are being represented on a contingency fee basis and therefore the amounts sought by Plaintiffs are not actually being billed to them. [ECF No. 24, p. 1]. Attorney Hassebrock's affidavit does not disclose the nature of his firm's fee arrangement with Plaintiffs. Nonetheless, Judge Cooke has determined that Plaintiffs are entitled to recover fees resulting from the removal of this case from state court and there is sufficient information based on Mr. Hassebrock's affidavit, the billing invoice, the applicable case law, and the Undersigned's own knowledge and experience concerning

---

[3]   The affidavit filed by Plaintiffs' counsel states that his firm is seeking $14,665.00 in fees. The amount listed in the affidavit appears to be a typographical or mathematical error because the invoice attached to the affidavit reflects a fee total of $14,835.00.

attorney's fees in this District to arrive at a reasonable fee award.

Defendant raises other objections to Plaintiffs' fee request which will be addressed below.[4]

### i.      Reasonable Hourly Rates

Defendant objects to attorney Hassebrock's hourly rate for the year 2020. [ECF No. 24, p. 1, n.1]. Defendant notes that in a billing invoice provided by Plaintiffs' counsel to Defendant's counsel, Mr. Hassebrock's hourly rate was listed as $480.00 for the year 2020 and $500.00 for 2021, yet in the billing invoice filed with the Court [ECF No. 22-1], Mr. Hassebrock's hourly rate was $500.00 regardless of whether the work was performed in 2020 or 2021. *Id.* Defendant does not raise any objection to the hourly rates for the other timekeepers.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation." *Van De Velde NV v. Felder*, No. 15-24096-CIV, 2017 WL 8895345, at *4 (S.D. Fla. May 25, 2017), report and recommendation adopted, No. 15-24096-CIV, 2017 WL 8895340 (S.D. Fla. June 16, 2017). The Court is deemed an expert on

---

[4]      The Undersigned notes that, except for three cases, Defendant relies almost exclusively on state court cases. However, "[a]ny fees to be awarded must be reasonable and follow the guidelines the Eleventh Circuit has promulgated." *See Grogan v. Heritage NH, LLC*, No. 07-21331-CIV, 2007 WL 9702576, at *2 (S.D. Fla. Nov. 19, 2007) (addressing fee award pursuant to 28 U.S.C. § 1447(c)), report and recommendation adopted, No. 07-21331-CIV, 2008 WL 11408493 (S.D. Fla. Feb. 29, 2008). Nonetheless, some of Defendant's objections are well taken, as will be discussed in this Report and Recommendations.

the issue of attorneys' fees and rates and "may consider its own knowledge and experience concerning reasonable and proper fees." *Norman*, 836 F.2d at 1303.

Mr. Hassebrock has been an attorney since 2007 and his practice is devoted to "insurance claims and insurance-related disputes." [ECF No. 22, ¶¶ 2, 4]. The Undersigned finds the requested hourly rate of $500.00 for Mr. Hassebrock to be excessive for this type of case. The Undersigned notes that Mr. Hassebrock's hourly rate was reduced to $275.00 in a recent insurance coverage case and that in another case, an attorney with comparable years of experience devoted to insurance-related disputes was awarded an hourly rate of $375.00. *See Capitol Specialty Ins. Corp. v. Ortiz*, No. 17-23329-CIV, 2019 WL 383868, at *6 (S.D. Fla. Jan. 15, 2019) (reducing Mr. Hassebrock's requested rate from $375.00 to $275.00 per hour in an insurance coverage action), report and recommendation adopted *sub nom. Capitol Specialty Ins. Corp. v. Ortiz by & Through Corona*, No. 17-23329-CIV, 2019 WL 367916 (S.D. Fla. Jan. 30, 2019); *Atain Specialty Ins. Co. v. Henry's Carpet & Interiors, Inc.*, No. 20-62089-CIV, 2021 WL 4976228, at *3 (S.D. Fla. July 12, 2021) (reducing hourly rates of $450.00 and $425.00 to $375.00 for attorney with twelve years of experience who worked mostly on insurance-related disputes), report and recommendation adopted, No. 20-62089-CIV, 2021 WL 4472081 (S.D. Fla. Sept. 30, 2021).

After weighing the relevant factors, including awards in similar cases, Mr. Hassebrock's experience, and the skill required to perform the work in this type of case,

the Undersigned **recommends reducing** Mr. Hassebrock's hourly rate from $500.00 to $375.00.

Although Defendant does not specifically object to the hourly rates of attorney Gross and the two paralegals, the Court has an independent obligation to ensure that the fees awarded in this case are reasonable. *See United States v. Harris*, No. 16-21152-CIV, 2018 WL 6978634, at *2 (S.D. Fla. Dec. 17, 2018) (noting that "the Court must still determine whether the requested amount of fees is reasonable" even in instances where the fees motion is unopposed).

At the time of the affidavit, Mr. Gross was a two-year associate and focused exclusively on insurance disputes. [ECF No. 22, ¶ 6]. Plaintiffs also seek to recover fees for work performed by two paralegals with fourteen and eleven years of experience. *Id.* at ¶¶ 7-8. The Undersigned finds Mr. Gross' hourly rate of $260.00 to be reasonable. *See Atain Specialty Ins. Co.*, 2021 WL 4976228, at *4 (approving rate of $275.00 per hour for an attorney with "two years of experience primarily focused on insurance disputes").

The requested hourly rate of $230.00 for paralegal work, however, is excessive. In a case involving the same law firm that is representing Plaintiffs in the instant matter, the Court awarded $100.00 per hour for work performed by a paralegal with more than 20 years of experience. *See Capitol Specialty Ins. Corp.*, 2019 WL 383868, at *6 ("We . . . find that [the] requested hourly rate of $245 . . . is excessive for a paralegal position and, as a

9

result, we reduce the rate requested to $100.").  The Undersigned **recommends reducing** the requested paralegal hourly rate from $230.00 per hour to $100 per hour. [5]

In sum, the Undersigned **recommends** hourly rates of $375.00 for Mr. Hassebrock, $260.00 for Mr. Gross, and $100.00 for work performed by the paralegals.

### ii.     Hours Expended

Having determined reasonable hourly rates, the Court must next evaluate the reasonableness of the total hours expended in this case. "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *A.C.L.U. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (internal quotation marks omitted).

The Undersigned notes that all of the time entries submitted by Plaintiffs fall within the permissible scope of Plaintiffs' fee award because they directly relate to fees incurred as a result of the improper removal of this case. Nonetheless, *significant* reductions to the time entries are warranted to account for impermissible block billing, duplicative work, unnecessary or unsupported time entries, excessive time spent on a particular task, and clerical or secretarial tasks. *See Norman*, 836 F.2d at 1301 ("A court

---

[5]       Ultimately, and as will be discussed below, the work performed by the paralegals in the instant case consisted of non-compensable clerical or secretarial tasks. As such, the total amount of paralegal time (1.10 hours) should be excluded from Plaintiffs' fee award.

should exclude from the fees award compensation for hours that are 'excessive, redundant or otherwise unnecessary.'" (*quoting Hensley*, 461 U.S. at 434)).

"If a court determines that the number of hours is unreasonably high, there are two recognized methods available to the court to reduce the amount of attorneys' fees: 'it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut.'" *Grasso v. Grasso*, No. 8:13-CV-3186-T-33AEP, 2016 WL 8716273, at *4 (M.D. Fla. Oct. 21, 2016) (quoting *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1352 (11th Cir. 2008)), report and recommendation adopted, No. 8:13-CV-3186-T-33AEP, 2016 WL 7240051 (M.D. Fla. Dec. 15, 2016). In the instant case, Plaintiffs' billing invoice consists of 43 time entries and is not so voluminous that an hour-by-hour analysis would be impractical.

### 1.    Paralegal Time

Plaintiffs seek to recover 1.10 hours of paralegal time. "The general rule regarding work performed by paralegals is that where the work performed is that normally performed by an attorney, paralegal time may be included as part of an award of attorney's fees." *CityPlace Retail, L.L.C. v. Wells Fargo Bank, N.A.*, No. 18-CV-81689, 2021 WL 3361172, at *12 (S.D. Fla. Jan. 12, 2021). However, "work that is primarily clerical in nature is not reimbursable." *Tobinick v. Novella*, No. 14-80781-CV, 2017 WL 8809365, at *6 (S.D. Fla. Nov. 29, 2017), report and recommendation adopted, No. 9:14-CV-80781, 2017 WL 8809110 (S.D. Fla. Dec. 18, 2017).

11

The paralegal time billed in this case consist of the following five time entries:

| Date | Description | Time Billed |
|---|---|---|
| 07/2/2020 | Plan and prepare for filing Motion for Remand by reviewing Notice of Removal and entering cites on motion | 0.50 |
| 7/6/2020 | Communicate (other external) with/advance documents to court re Motion to Remand and for Attorney's Fees | 0.10 |
| 7/27/2020 | Communicate (other external) with/advance documents to court re Reply in Support of Motion to Remand | 0.10 |
| 1/5/2021 | Communicate (other external) with/advance documents to court re Motion to Remand and for Attorney's Fees | 0.20 |
| 1/26/2021 | Communicate (other external) with/advance documents to court re Reply in Support of Motion to Remand and for Attorney's Fees | 0.20 |

The first part of the 7/2/2020 time entry should be eliminated as secretarial or clerical work. The second part of this time entry should be eliminated as unnecessary or redundant. Presumably, attorneys Hassebrock and Gross, having devoted significant time to drafting the motion to remand, themselves included (or should have included) citations to the case law.

The remaining four time entries should be eliminated as non-compensable secretarial or clerical work or for being vague. *See Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1379 (M.D. Fla. 2010) ("A court may eliminate or reduce an award where a time entry is excessively vague."). Here, it is unclear who the paralegal communicated with in order to "advance documents to the court." Moreover, our Local Rules prohibit courtesy copies to the Court and, notwithstanding certain inapplicable exceptions, the

parties are required to electronically file all motions, responses, and replies via CM/ECF. S.D. Fla. L.R. 5.1(a), (c).

In sum, the Undersigned **recommends eliminating** the **1.10 hours** billed for paralegal time in this case because the tasks performed were secretarial/clerical in nature, unnecessary, and/or vague.

## 2.    Attorney Time

Plaintiffs also seek to recover 39.10 hours of attorney time: 18.40 hours for attorney Hassebrock and 20.70 hours for attorney Gross. For the reasons discussed below, this is an unreasonable amount of time for the work performed in this case.

The time consists of roughly[6] 2.90 hours (1.90 hours for Mr. Hassebrock and 1 hour for Mr. Gross) communicating with Plaintiffs or with attorneys at the firm; 0.50 hours (Mr. Hassebrock only) communicating with opposing counsel; 20.40 hours (5.6 hours for Mr. Hassebrock and 14.8 hours for Mr. Gross) researching and drafting the initial motion to remand; 8 hours (3.5 hours for Mr. Hassebrock and 4.5 hours for Mr. Gross) researching and drafting the reply in support of the initial motion to remand; 4.7 hours (4.3 hours for Mr. Hassebrock and .40 hours for Mr. Gross) researching and drafting the renewed

---

[6]    The Undersigned uses the word "roughly" because some time entries were block billed and, as a result, it is impossible for the Undersigned to precisely calculate the amount of time spent on each task.

motion to remand; and 2.60 hours (Mr. Hassebrock only) drafting the reply to the renewed motion to remand.

**Excessive Time and Duplicative Work**

Plaintiffs' billing invoice reflects the work of two attorneys: Mr. Hassebrock and Mr. Gross. "There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman*, 836 F.2d at 1302 (citing *Johnson v. Univ. Coll. of Univ. of Alabama in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983)). Thus, to recover for both Mr. Hassebrock and Mr. Gross' time, Plaintiffs must show that the work performed by each attorney reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation. *Barnes*, 168 F.3d at 432.

"It is reasonable and common for a partner to review the work performed by an associate attorney." *Lil' Joe Wein Music, Inc. v. Jackson*, No. 06-20079-CIV, 2008 WL 2688117, at *11 (S.D. Fla. July 1, 2008). In *Miles v. Walmart Assocs., Inc.*, for instance, the court did not reduce the hours requested for the work performed by a partner and an associate because the party seeking the fees "did identify each lawyer's distinct contribution because [the partner's] entries specify that he revised or reviewed [the associate's] work." No. 4:19-CV-00756-CLM, 2022 WL 275520, at *2 (N.D. Ala. Jan. 28, 2022).

14

Here, as indicated in the chart below, there were a few time entries which should be eliminated as duplicative. However, for the most part, Mr. Hassebrock billed for reviewing Mr. Gross' work. Mr. Hassebrock's review of Mr. Gross' work is a distinct task which *would be compensable*, provided the time expended is reasonable. *Id.* Nonetheless, and as explained below, the time spent by Mr. Hassebrock reviewing and revising Mr. Gross' work was excessive. Additionally, Mr. Gross' own time for researching, drafting, and editing motions and related filings was excessive and must be *significantly* reduced.

In terms of the substantive work performed in this case, Plaintiffs filed two motions to remand and two replies to those motions. The motion to remand and the renewed motion to remand were five pages each, including the certificate of service. [ECF Nos. 6, 14]. Moreover, the renewed motion to remand included many of the same cases and legal arguments as the initial motion to remand. *Id.* The replies were three and four pages, respectively, including the certificate of service. [ECF Nos. 8, 16]. The motions and replies addressed the same, discrete topic: Defendant's failure to identify the citizenship of each of its syndicate members.[7]

 The issue addressed by Plaintiffs in their briefs was not a novel or complex issue of law. As stated in Plaintiffs' motion to remand, "[p]ursuant to *controlling Eleventh Circuit*

---

[7]     The renewed motion for remand also addressed Defendant's failure to meet the $75,000.00 jurisdictional threshold. [ECF No. 14, p. 3]. However, the addition of this three-paragraph argument, does not justify the excessive time spent researching and drafting the renewed motion to remand.

15

*precedent*, Lloyd's cannot establish diversity jurisdiction without identifying the 'Names' of its individual members underwriting the specific insurance policy at issue, and pleading their citizenship." [ECF No. 6, p. 2 (emphasis added) (citing *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1081 (11th Cir. 2010))].

As reflected in the chart below, the Undersigned recommends *significant* reductions to Mr. Hassebrock and Mr. Gross' time entries to account for excessive time and some duplicative work.

### Client Communications and Attorney Conferences

"[R]egular communication between counsel and the client is demanded by the rules of professional conduct" and is therefore recoverable. *Am. Charities for Reasonable Fundraising Regul., Inc. v. Pinellas Cty.*, 278 F. Supp. 2d 1301, 1321 (M.D. Fla. 2003). Moreover, "time spent in attorney conferences is generally compensable for each participant." *Am. Charities for Reasonable Fundraising Regul., Inc. v. Pinellas Cty.*, 278 F. Supp. 2d 1301, 1315 (M.D. Fla. 2003); *see also Pierre-Louis v. Baggage Airline Guest Servs., Inc.*, No. 19-CV-61306-RAR, 2021 WL 3710139, at *19 (S.D. Fla. Aug. 4, 2021) ("[F]ind[ing] that it is reasonable to include compensation for inter-office conferences and client meetings because such conferences and meetings were sporadic and reasonably necessary to coordinate work. Specifically, when such conferences or meetings occurred, Plaintiffs sought to be reimbursed for only one attorney at a time, not for each of the

attorneys that attended."), *report and recommendation adopted*, No. 19-CV-61306-RAR, 2021 WL 3709265 (S.D. Fla. Aug. 20, 2021).

While client communications and attorney conferences are generally compensable and were not excessive in the instant case, the Undersigned recommends some reductions to account for block billing.

## Block Billing

"'Block billing' occurs when an attorney lists all of the day's tasks on a case in a single entry and does not separate the tasks and the time spent working on those individual tasks as separate entries on billing records." *Plumbers & Pipefitters Union No. 421 Health & Welfare Fund v. Brian Trematore Plumbing & Heating, Inc.*, No. 5:11-CV-221, 2013 WL 3816660, at *4 (M.D. Ga. July 22, 2013). The practice of block billing is disfavored because it prevents the Court from accurately ascertaining the amount of time spent on each discrete task. *See Lil' Joe Wein Music, Inc.*, 2008 WL 2688117, at *11 (noting that block billing "makes it difficult to establish whether the amount of time spent on any one task was reasonable"). Nonetheless, "[a]s a general proposition block billing is not prohibited so long as the Court can determine from the time entry the services that were performed." *Home Design Servs., Inc. v. Turner Heritage Homes, Inc.*, No. 4:08-CV-355-MCR-GRJ, 2018 WL 4381294, at *6 (N.D. Fla. May 29, 2018), *report and recommendation adopted*, No. 4:08CV355/MCR/GRJ, 2018 WL 6829047 (N.D. Fla. Sept. 28, 2018).

In the instant case, some (but not all) of the block billed entries should be reduced because there is no way to determine the amount of time counsel spent on each of the specific tasks mentioned in the block-billed entry.

<u>**Recommended Reductions**</u>

Based on the foregoing, the Undersigned **recommends** the following reductions to attorneys Hassebrock and Gross' hours.

| Date | Description[8] | Time Billed | Amount Reduced | | Reason |
|------|-------------|-------------|----------------|---|--------|
| | | | Hassebrock | Gross | |
| 6/8/2020 | T/C with clients re: [redacted] and [redacted; follow up with DLG, BNV and SAM re: [redacted] | 0.70 | 0.20 (reduced to 0.50) | | block billing |
| 6/24/2020 | Edited and updated draft of motion to remand | 1.00 | | 1.00 (entire amount) | excessive time |
| 6/24/2020 | Continued research into motion for remand and [redacted] | 1.00 | | 1.00 (entire amount) | excessive time |
| 6/28/2020 | Edited and updated draft of motion to remand | 0.50 | | 0.50 (entire amount) | excessive time |
| 6/29/2020 | Researched case law [redacted] and [redacted] on a motion to remand | 1.70 | | 1.70 (entire amount) | excessive time |
| 6/30/2020 | Edit and update draft of motion for remand and sent to BCH for review | 1.50 | | 1.50 (entire amount) | excessive time |

---

[8]    Although some of Plaintiffs' time entries are redacted, Plaintiffs filed an unredacted version under seal with the Court. [ECF No. 29-1].

| Date | Description | | | | Reason |
|---|---|---|---|---|---|
| 7/1/2020 | Review and revise draft of motion to remand; review cited case law | 4.00 | 2.50 (reduced to 1.50) | | excessive time; block billing |
| 7/1/2020 | E-mail Mr. Green to confer re: motion to remand | 0.30 | 0.20 (reduced to 0.10) | | excessive time |
| 7/6/2020 | Complete revisions to motion to remand; review exhibits and coordinate filing | 1.60 | 1.60 (entire amount) | | excessive time; block billing; vague |
| 7/6/2020 | Edit and update Motion for Remand and send to BCH for review | 1.00 | | 0.30 (reduced to 0.70) | excessive time |
| 7/23/2020 | Research case law [redacted] | 1.50 | | 0.50 (reduced to 1.00) | excessive time |
| 7/26/2020 | Review and begin revisions to DLG draft of reply brief on motion for remand | 1.00 | 0.30 (reduced to 0.70) | | excessive time |
| 7/27/2020 | Complete revisions to reply brief on motion for remand and exchange e-mail with DLG to finalize same for filing. | 2.20 | 2.20 (entire amount) | | excessive time; block billing |
| 12/9/2020 | Review[ ] Court Order on Motion to Remand | 0.40 | | 0.40 (entire amount) | duplicative |
| 12/23/2020 | Review Lloyd's amended notice of removal and confer with DLG re: same; draft renewed motion to remand and conduct [redacted] research. | 3.70 | 1.50 (reduced to 2.20) | | block billing; excessive time |

| 12/24/2020 | Complete renewed motion to remand; forward draft to counsel for conferral; update client re: [redacted] | 0.60 | 0.30 (reduced to 0.30) | | block billing; excessive time |
| 1/26/2020 | Draft reply on renewed motion for remand and coordinate filing | 2.60 | 1.50 (reduced to 1.10) | | excessive time; clerical work |
| | **Total Reductions** | | **10.30** | **6.90** | |

The Undersigned finds the remaining time entries for attorneys Hassebrock and Gross to be reasonable.

In sum, the Undersigned **respectfully recommends** that the attorney time sought in this case be reduced from 39.10 hours (18.40 hours for Mr. Hassebrock and 20.70 hours for Mr. Gross) to **21.9 hours** (8.10 hours for Mr. Hassebrock and 13.80 hours for Mr. Gross).

## IV.    Conclusion

For the reasons discussed above, the Undersigned **respectfully recommends** that the District Court **grant in part and deny in part** Plaintiffs' request for attorney's fees and award Plaintiffs **$6,625.50** (8.10 hours x $375.00 for Mr. Hassebrock and 13.80 hours x $260.00 for Mr. Gross) in attorney's fees.

## V.    Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with

United States District Judge Marcia G. Cooke. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on March 7, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record